**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **VICTORIA RAZ** | § § § § | **CIVIL ACTION NO. 5:25-CV-01146** |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **ALL WESTERN MORTGAGE,** | § § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § § § | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Plaintiff Victoria Raz hereby files this Motion to Compel pursuant to Federal Rule of Civil

Procedure 37(a)(3)(B), and in support thereof shows the Court the following:

## I. INTRODUCTION

Plaintiff Victoria Raz brings this Motion to Compel pursuant to Federal Rule of Civil

Procedure 37(a)(3)(B) to remedy Defendant All Western Mortgage, Inc.'s ("AWM") persistent

failure to provide complete, compliant discovery responses. Despite serving responses and

objections to Plaintiff's First Set of Interrogatories and Requests for Production on February 6,

2026, AWM's responses are riddled with improper boilerplate objections, impermissible hedging

language, and an apparent failure to search for or produce electronically stored information

("ESI"). For example, AWM has produced no text messages and only a handful of Teams

messages and emails. This is despite the fact that Plaintiff has produced numerous text messages,

emails, and Teams messages with AWM decisionmakers, thus proving that such communications

exist. The matter is urgent because Plaintiff is scheduled to depose AWM's key decision-makers

in early April and Plaintiff cannot meaningfully prepare for or conduct those depositions without the discovery AWM has failed to provide.

## II. TIMELINE OF OPERATIVE FACTS

**December 18, 2025:**  The parties file their Rule 26(f) Report, including an agreement that ESI would be produced in native or near-native format.

**January 5, 2026:**  The Court enters a Scheduling Order. [Dkt. 12]

**January 5, 2026:**  AWM serves its Initial Disclosures. The disclosures identify no person with knowledge by name, instead listing only "agents and/or representatives of All Western Mortgage" without names, contact information, or a summary of information known. [Ex. A, without exhibits].

**January 6, 2026:**  Plaintiff serves a deficiency letter on AWM concerning its deficient Initial Disclosures. [Ex. B].

**January 7, 2026:**  AWM serves Amended Disclosures, listing Plaintiff's three supervisors—James Gilani, Kevin Pierce, and Elizabeth Proctor—as persons with knowledge. [Ex. C, without exhibits].

**January 7, 2026:**  Plaintiff serves her First Set of Interrogatories and First Set of Requests for Production on AWM. [Ex. D].

**February 6, 2026:**  AWM serves its responses and objections. [Ex. E][1]. The responses include pervasive boilerplate objections and impermissible "subject to and without waiving" language. AWM produces 188 pages of documents, including four Teams messages in non-native, edited format, approximately thirty pages of emails, and zero text messages. The evidence produced by Plaintiff makes clear that AWM conducted no meaningful ESI search. [*See e.g.* Ex. F].

**February 10, 2026:**  Plaintiff, through counsel, serves a detailed Deficiency Letter identifying the specific deficiencies in AWM's responses and requesting a conference. [Ex. G].

**February 13, 2026:**  AWM says it is available to conference on February 23, 2026.

**February 23, 2026:**  The parties confer telephonically. AWM's counsel agrees to: (1) supplement AWM's response to Interrogatory No. 1 regarding Janani Gopal; (2) respond to Interrogatory Nos. 17, 18, and 19; (3) produce documents responsive to RFP Nos. 12, 20, 23, 35, 36, 37, and 43; and (4) amend its responses to RFP Nos. 2, 4, 9, 11, 13, 14–18, 24–25, 27–33, and 38–42 to clarify

---

[1]  AWM's entire document production was attached as an Exhibit to its RFP Responses. For the sake of brevity and ease of reference, Plaintiff is including only those portions of the production that are relevant to this Motion.

**Plaintiff's Opposed Motion to Compel**                                                                       2

that no responsive documents are being withheld on the basis of AWM's objections. AWM's counsel states that her "aim is to amend/supplement by March 6." [Ex. H].

**March 4, 2026:** AWM's counsel advises Plaintiff that she will not be providing amended responses or a supplemental production by March 6, and that she cannot commit to any date certain for compliance. [Ex. I]. To date, AWM has provided no documents since its initial production on February 6.

**April 2, 2026:** Plaintiff's deposition of Elizabeth Proctor is scheduled.

**April 9, 2026:** Plaintiff's deposition of James Gilani is scheduled.

### III. ARGUMENTS AND AUTHORITIES

### A. Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Rule 37(a)(3)(B) authorizes a party to move to compel answers to interrogatories and responses to requests for production. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Boilerplate objections, unaccompanied by specific explanations of undue burden or disproportionality, do not satisfy the responding party's burden. *See Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017) ("[B]oilerplate objections are not proper objections and will not be sustained."). A party proffering boilerplate objections waives their objection entirely. *See RealPage, Inc. v. Enter. Risk Control, LLC*, No. 4:16-CV-00737, 2017 WL 1165688, at *3 (E.D. Tex. Mar. 29, 2017) (stating that a defendant's failure to state specific grounds for its objection "results in a waiver of the objection.").

### B. AWM Must Provide Complete Responses to Interrogatory Nos. 1, 17, 18, and 19

#### 1. Interrogatory No. 1 (Identity of Persons with Knowledge)

Interrogatory No. 1 asks AWM to identify all persons with knowledge of relevant facts and the issues upon which they have knowledge. AWM identifies Janani Gopal, AWM's Human

**Plaintiff's Opposed Motion to Compel**                                                          3

Resources Manager, but fails to state the issues upon which Ms. Gopal has knowledge—or whether her knowledge pertains to Ms. Raz specifically, to AWM's HR policies generally, or both. Ms. Gopal is not listed in AWM's Amended Disclosures. AWM must supplement its response to identify the specific issues upon which Ms. Gopal has knowledge.

### 2. Interrogatory Nos. 17, 18, and 19 (Comparator and Pattern Evidence)

AWM has refused to answer Interrogatory Nos. 17, 18, and 19 in their entirety, lodging only boilerplate relevance and proportionality objections. These interrogatories seek: (17) the identity of Loan Officer Assistants who worked under James Gilani—Ms. Raz's direct supervisor—from January 1, 2024, through the present; and (18–19) the basis for and decisionmaker behind the termination of Dwight Fantroy in November 2024.

AWM's objections are without merit. Interrogatory No. 17 seeks information about similarly situated employees who worked under the same supervisor and were subject to the same decisionmakers as Plaintiff. Evidence of differential treatment of comparator employees is directly relevant to Plaintiff's retaliation claims and is discoverable. *See Martin v. Allstate Ins. Co*., 292 F.R.D. 361, 365 (N.D. Tex. 2013) ("A court may order production of personnel files of a discrimination plaintiff's comparators if the information contained therein may be relevant to show that a defendant's reasons for terminating a plaintiff were pretextual"). Furthermore, Plaintiff agreed to limit the time frame to this Interrogatory to January 1, 2024, through November 2, 2024.

Interrogatories 18 and 19 concern Dwight Fantroy, who personally worked alongside Ms. Raz under James Gilani and Elizabeth Proctor and was terminated by Ms. Proctor in the same month as Plaintiff, after raising concerns about the legality of loan applications he was being asked to process. This information is directly relevant to Plaintiff's retaliation claim. AWM's conclusory assertion that Mr. Fantroy "has no connection" to Plaintiff's claims does not satisfy its burden to

**Plaintiff's Opposed Motion to Compel**                                                                 4

resist discovery. AWM agreed during the February 23 conference to provide answers to these interrogatories, but has not done so.

## C. AWM Must Produce Documents Responsive to RFP Nos. 12, 20, 23, 35, 36, 37, and 43

### 1. RFP No. 12 (Employee Complaints of Retaliation)

RFP No. 12 seeks all documents relating to complaints or concerns raised by any AWM employee (excluding Plaintiff) regarding unlawful retaliation from January 1, 2024, through the present. AWM objects on grounds of relevance, overbreadth, undue burden, and confidentiality. None of these objections have merit.

Evidence of other employees' complaints of retaliation is relevant to Plaintiff's claims and to whether AWM's proffered reasons for her termination are pretextual. Moreover, the request is limited in time to January 1, 2024 through November 22, 2024, as agreed by the parties during the February 23 conference. Finally, AWM's confidentiality objection fails as a matter of law. *See FTC ex rel. Yost v. Educare Ctr. Servs., Inc*., No. EP-19-CV-196-KC, 2020 WL 4334119, at *7 (W.D. Tex. Apr. 15, 2020) ("[T]he presence of confidential business information is not a basis upon which discovery can be resisted."). Any concerns about the confidentiality of personnel information may be addressed through a protective order, the entry of which Plaintiff does not oppose.[2]

### 2. RFP No. 20 (Email Communications of Key Custodians)

RFP No. 20 requests all communications referencing or relating to Plaintiff's job performance, her concerns regarding assigned tasks, her termination, her OSHA complaint, and this litigation from the email accounts of five key custodians: Elizabeth Proctor, Kevin Pierce, Cari

---

[2] The parties filed an Agreed Motion for Protective Order, which the Court denied without prejudice. [Dkt. 13]. Plaintiff has encouraged AWM to re-file the Motion with the requisite factual showing, as requested by the Court, if it believes necessary pursuant to FRCP Rule 26(c).

**Plaintiff's Opposed Motion to Compel**                                                        5

Anastasio, James Gilani, and Dwight Fantroy. AWM objects that this request is "overbroad" and "disproportionate" because it encompasses "multiple custodians, platforms, and subject matters." This objection defies common sense. The request is limited to five email accounts and five specific topics directly at issue in this litigation. AWM agreed during the February 23 conference to produce responsive documents from July 1, 2024, through January 31, 2025, but has not done so.

### 3. RFP No. 23 (Loan Files Rejected by Underwriting)

RFP No. 23 seeks all documents evidencing loan applications assigned to Ms. Raz that were rejected by underwriting. AWM's sole objection is confidentiality. As noted above, confidentiality is not a valid basis to withhold otherwise relevant documents. Furthermore, AWM's own interrogatory responses place squarely at issue Plaintiff's alleged "excessive errors in loan files," which AWM contends contributed to delays and "compliance issues." See Ex. E (ROG No. 5). Plaintiff is entitled to examine the very loan files AWM relies upon to justify her termination. AWM agreed during the February 23 conference to produce these documents subject to the entry of a protective order.

### 4. RFP Nos. 35, 36, and 37 (Personnel Files of Gilani, Proctor, and Pierce)

RFP Nos. 35, 36, and 37 seek the complete personnel files of James Gilani, Kevin Pierce, and Elizabeth Proctor—the three individuals who supervised Plaintiff, recommended her termination, or both. AWM objects that the term "personnel file" is vague, that the requests are overbroad, and that the requests seek confidential information of non-party employees.

AWM's vagueness objection is frivolous on its face: AWM uses the very same phrase in its own response to RFP No. 25, where it states that "the only document reflecting Plaintiff's termination is the termination notice maintained in Plaintiff's personnel file." If the term

"personnel file" is too vague to respond to in RFPs 35–37, it cannot simultaneously be used without confusion in AWM's own response to RFP 25.

The personnel files of Plaintiff's supervisors and the decisionmakers in her termination are directly relevant to this case. They may contain evidence of prior complaints against Gilani, Proctor, or Pierce; prior disciplinary actions; performance issues; or other information bearing on their credibility of AWM's stated rationale for terminating Plaintiff. Courts in this circuit regularly compel production of supervisors' personnel files in employment discrimination cases. *See Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (noting that "courts have customarily allowed a wide discovery of personnel files" in employment claims). AWM agreed to produce these files during the February 23 conference.

### 5.  RFP No. 43 (Specific Loan Application Files)

RFP No. 43 requests all documents and communications related to the loan applications of six identified borrowers. These loan files bear directly on Plaintiff's claims that she was asked to perform tasks that were illegal or against company policy. Furthermore, AWM's own interrogatory responses place squarely at issue Plaintiff's alleged "excessive errors in loan files," which AWM contends contributed to delays and "compliance issues." See Ex. E (ROG No. 5). AWM asked Plaintiff numerous questions about these specific files during her deposition.[3] To the extent AWM believes a protective order is necessary, it bears the burden to seek one under FRCP 26(c).

### D.  AWM Must Amend Its Non-Compliant Responses to Cure Its Impermissible "Subject to and Without Waiving" Language

In its responses to RFP Nos. 2, 4, 9, 11, 13, 14–18, 24–25, 27–33, and 38–42, and in its response to Interrogatory No. 14, AWM states that it is responding or producing "subject to and

---

[3]  Plaintiff's deposition occurred on March 3, 2026, and she is not yet in possession of a transcript.

**Plaintiff's Opposed Motion to Compel**    7

without waiving" its objections, but fails to state whether any responsive documents are being withheld on the basis of those objections. This practice directly violates the Federal Rules.

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Courts in the Fifth Circuit have repeatedly held that the use of "subject to and without waiving" language is impermissible because it makes it impossible to determine whether a party is producing all responsive documents or withholding some. *See RealPage, Inc. v. Enter. Risk Control, LLC*, No. 4:16-CV-00737, 2017 WL 1165688, at *3 (E.D. Tex. Mar. 29, 2017) ("Rule 34 does not allow this kind of hedging"); *Keycorp v. Holland*, No. 3:16-CV-1948-D, 2016 WL 6277813, at *11 (N.D. Tex. Oct. 26, 2016) (responding to discovery "subject to" or "without waiving" objections is "manifestly confusing (at best) and misleading (at worst)" and "has no basis at all in the Federal Rules of Civil Procedure").

AWM agreed during the February 23 conference to amend its responses to make clear that no responsive documents are being withheld on the basis of its objections. It has failed to do so.

**E. AWM Must Conduct an Adequate Search for Electronically Stored Information and Produce ESI in the Agreed Format**

Numerous RFPs served by Plaintiff require AWM to produce responsive text messages, Teams messages, emails, and other electronic communications. (Ex. D, Definition 6 and RFPs 4, 11, 15, 25, 27, 38, 39, 40, 41, 42, 43). AWM's own interrogatory responses identify Microsoft Teams messages and emails as the primary communications medium through which performance issues were addressed with Plaintiff. See Ex. E (ROG No. 11, No. 16). Yet a review of AWM's production reveals no evidence of any systematic ESI search: AWM produced only four Teams messages—in non-native, edited format—and approximately thirty pages of emails. AWM produced no text messages whatsoever.

**Plaintiff's Opposed Motion to Compel**                                                                8

The absence of text messages and Teams messages from AWM's production is particularly telling. Plaintiff has produced numerous text messages exchanged between herself and James Gilani, and between herself and Elizabeth Proctor, demonstrating beyond dispute that responsive text communications exist and were in AWM's possession. AWM has produced none of them. Furthermore, Mr. Gilani expressly told Plaintiff in a text message that "Teams is recorded"—an acknowledgment by AWM's own supervisor that Teams communications were being retained. [Ex. F]. Yet AWM has produced no unedited Teams records. These facts compel the conclusion that AWM has not conducted any good-faith search of its ESI, in plain violation of its discovery obligations. *See Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 613 (S.D. Tex. 2010) (addressing obligations to search and preserve ESI).

Compounding these concerns, AWM responded to Plaintiff's Request for Production No. 1 by stating that it has no document retention policy. AWM's interrogatory responses represent that a litigation hold was implemented in January 2025, yet the company simultaneously claims to have no document retention policy at all. It is not clear how to reconcile these statements.

Plaintiff is scheduled to depose Elizabeth Proctor on April 2, 2026, and James Gilani on April 9, 2026. Both individuals are central figures in the events at issue, and both are likely to be examined regarding communications that AWM has failed to produce—including the Teams messages and text messages described above. Without a complete production of ESI well in advance of those depositions, Plaintiff will be forced to depose AWM's key witnesses without the benefit of the very communications those witnesses created.

### F. Plaintiff Is Entitled to Her Reasonable Attorneys' Fees and Costs

Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court "must" award the movant her reasonable expenses, including attorneys' fees, incurred in making the motion,

unless the opposing party's nondisclosure was substantially justified, the movant failed to confer in good faith, or an award would be unjust. No such exception applies here. AWM served objections that are facially improper under well-established law, agreed to cure its deficiencies, and then indefinitely delayed doing so. AWM's conduct has forced Plaintiff to expend significant time and resources preparing a deficiency letter, conducting a meet-and-confer, and now filing this motion. *See Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981). Plaintiff respectfully requests an award of her attorneys' fees and costs associated with this motion and subsequent reply, and any hearing, and will provide an application for fees upon request by the Court.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Victoria Raz respectfully requests that the Court:

- Overrule Defendant's boilerplate objections on Interrogatory Nos. 17, 18, and 19 and order AWM to serve complete amended responses to Interrogatory Nos. 17, 18, and 19 within seven (7) days of the Court's order;

- Order Defendant All Western Mortgage to serve a complete response to Interrogatory Nos. 1 within seven (7) days of the Court's order;

- Overrule Defendant's boilerplate objections to RFP Nos. 12, 20, 23, 35, 36, 37, and 43 and order Defendant to produce all documents responsive to RFP Nos. 12, 20, 23, 35, 36, 37, and 43 within seven (7) days of the Court's order;

- Overrule Defendant's boilerplate objections to RFP Nos. 2, 4, 9, 11, 13, 14–18, 24–25, 27–33, and 38–42 and Interrogatory No. 14 and order Defendant to state with specificity whether any responsive documents are being withheld on the basis of its objections;

- Order Defendant to conduct a reasonable and systematic search of all relevant ESI repositories, including email, Microsoft Teams, and text messages, and to reproduce all ESI in native or near-native format, with such production completed no later than seven (7) days from the date of the Court's order;

- Order that if Plaintiff is required to re-depose either Ms. Proctor or Mr. Gilani due to Defendant's failure to provide responsive information prior to their scheduled depositions, that Defendant will bear all costs associated with subsequent depositions.

**Plaintiff's Opposed Motion to Compel**                                                    10

- Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this motion pursuant to Federal Rule of Civil Procedure 37(a)(5).

Respectfully submitted,

*/s/ MELISSA R. HOLMAN*
Melissa R. Holman
Texas State Bar No. 24064501
mholman@holmanfirmpllc.com
**The Holman Firm PLLC**
1005 Congress Ave., Suite 925
Austin, Texas 78701
Telephone: (512) 287-5091
Facsimile: (512) 287-5092

**COUNSEL FOR PLAINTIFF**

**<u>CERTIFICATE OF CONFERENCE</u>**

Pursuant to Local Rule CV-7(g), the undersigned certifies that counsel for Plaintiff conferred with counsel for Defendant by letter on February 10, 2026 and by telephone on February 23, 2026, regarding the discovery deficiencies identified herein. The parties reached an agreement that Defendant would serve amended responses and a supplemental production by March 6, 2026. On March 4, 2026, Defendant's counsel advised that she would not meet that deadline and could not provide a date certain for compliance. Accordingly, the parties are at an impasse. The undersigned informed counsel for AWM on March 5, 2026, that she would be filing the instant motion.

*/s/ MELISSA R. HOLMAN*
MELISSA R. HOLMAN
Counsel for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

The foregoing document has been served on all counsel of record via CM/ECF on March 5, 2026.

*/s/ MELISSA R. HOLMAN*
MELISSA R. HOLMAN
Counsel for Plaintiff

**Plaintiff's Opposed Motion to Compel**                                                                11