**FILED**

April 17, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **CM** _____

DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

|  |  |  |
|---|---|---|
| **VICTORIA RAZ** | § § § § | **CIVIL ACTION NO. 5:25-CV-01146** |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **ALL WESTERN MORTGAGE,** | § § § | |
| **Defendant.** | § § § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S**
**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION**

Before the Court is Plaintiff Victoria Raz's Motion to Compel Defendant All Western Mortgage, Inc.'s ("AWM") Responses to Plaintiff's First Set of Interrogatories and Requests for Production (the "Motion"). Having considered the Motion, the response thereto, the record in this case, the arguments of counsel, and the applicable law, the Court finds that the Motion is well-taken and should be, and is hereby, **GRANTED**.

## FINDINGS

The Court finds that: (1) Defendant's responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production contain improper objections that fail to satisfy Defendant's burden under Federal Rules of Civil Procedure 26 and 34; (2) Defendant's use of "subject to and without waiving" language in its responses violates Rule 34(b)(2)(C); (3) Defendant has failed to conduct a reasonable and systematic search for electronically stored information ("ESI"), including text messages, Microsoft Teams messages, and emails; (4) the upcoming deposition of James Gilani (April 20, 2026) makes expedited relief necessary; (5) Defendant's amended responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, served after the parties met and conferred and the filing of the Motion, did not resolve all of the concerns raised in the Motion; and (6) Defendant's objections, as noted in the interrogatories and requests referenced below, are overruled.

## ORDERS

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. **Interrogatory Nos. 17, 18, and 19.** Defendant's objections to Interrogatory Nos. 17, 18, and 19 are **OVERRULED**. Defendant is **ORDERED** to serve complete, objection-free amended responses to Interrogatory Nos. 17, 18, and 19 within **seven (7) days** of the date of this Order.

2. **RFP Nos. 35, 36, and 37.** Defendant's objections to these Requests for Production are **OVERRULED**. Defendant is **ORDERED** to serve complete, objection-free amended responses to RFP Nos. 35, 36, and 37 within **seven (7) days** of the date of this Order. If Defendant contends that it has produced all responsive documents in its possession, custody, or control, Defendant shall so state.

3. **RFP Nos. 12 and 20.** Defendant's objections to Request for Production Nos. 12 and 20 are **OVERRULED.** Defendant is **ORDERED** to serve complete, objection-free amended responses and to produce all documents responsive to these Requests within **seven (7) days** of the date of this Order. Pursuant to the parties' agreement, documents responsive to RFP No. 20 shall be produced for the time period of July 1, 2024, through January 31, 2025. Documents responsive to RFP No. 12 shall be produced for the time period of January 1, 2024, through November 22, 2024.

4. **RFP Nos. 23 and 43.** The Court has entered a protective order in this case [Dkt. 27]. Defendant is therefore **ORDERED** to produce all documents responsive to these requests within **seven (7) days** of the date of this Order.

5. **RFP Nos. 2, 4, 9, 11, 13, 14–18, 24–25, 27–33, and 38–42, and Interrogatory No. 14.** Defendant's objections to these Requests and this Interrogatory are **OVERRULED**. Defendant is **ORDERED** to serve complete, objection-free amended responses to these Requests within **seven (7) days** of the date of this Order. Defendant is further **ORDERED** to produce all documents responsive to RFP Nos. 2, 4, 9, 11, 13, 14–18, 24–25, and 27–33 within **seven (7) days** of the date of this Order. If Defendant contends that it has produced all responsive documents in its possession, custody, or control, or that it has no responsive documents in its possession, custody, or control, Defendant shall so state.

6. **Electronically Stored Information.** Defendant is **ORDERED** to:

   a. Conduct a reasonable and systematic search of all ESI repositories in its possession, custody, or control that may contain responsive communications, including but not limited to email accounts, Microsoft Teams, text messages on company and personal devices used for work purposes, and any backup or archival systems;

   b. Produce all responsive ESI in native or near-native format as agreed by the parties in their Rule 26(f) Report; and

   c. Complete the foregoing search and supplemental ESI production no later than **seven (7) days** from the date of this Order.

7. **Attorneys' Fees and Costs.** Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiff is **AWARDED** her reasonable attorneys' fees and costs incurred in connection with the filing of this Motion. Plaintiff shall file an application for fees and costs, supported by counsel's declaration and contemporaneous time records, within **seven (7) days** of the date of this Order. Defendant may file a response within **seven (7) days** of Plaintiff's application.

8. **Depositions.** Plaintiff may seek leave under Rule 30 to re-depose either Elizabeth Proctor or James Gilani if she believes she has been prejudiced by the Defendant's failure to timely comply with discovery obligations and may seek costs if such leave is granted. Defendant may respond to such motion for leave within seven (7) days.

IT IS SO ORDERED.

DONE this 17th day of April, 2026, in San Antonio, Texas.

_____

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE